# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| David Voigt | § § § § | |
| Plaintiff, | § § | |
| | § | CA Number: 3:19-cv-164 |
| v. | § § § | |
| Gulf Coast Aquatics, Inc., Joey Ibarra & Krista Majeska, | § § § § | Jury Demanded |
| Defendants | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

David Voigt ("**Plaintiff**") brings this Fair Labor Standards Act ("**FLSA**") suit against the above-named Defendants and shows as follows:

1. **Nature of Suit.**

    1.1. Plaintiff was paid hourly but paid only straight time for all hours worked. The FLSA requires the payment of a minimum wage and "limits to 40 a week the number of hours that an employer may employ any of his employees subject to the Act, unless the employee receives compensation for his employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which he is employed." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944) (discussing the requirements of 29 U.S.C. § 207 (a)).

2. **Parties.**

   2.1. Plaintiff is an individual residing in the Southern District of Texas. In the three-year period preceding the filing of this action, Plaintiff was employed by Defendants within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. as an hourly-paid aquatic technician. Plaintiff's written consent to become a party plaintiff is being filed with the Court.

   2.2. Defendant Gulf Coast Aquatics, Inc. ("**GCA**") is an entity engaged in commerce or the production of goods for commerce within the meaning of the FLSA and is obligated to ensure that all employees are paid in accordance with the FLSA.

   2.3. Upon information and belief, Defendant Joey Ibarra ("**Ibarra**") is a Texas resident and the owner of GCA.

   2.4. Upon information and belief, Defendant Krista Majeska ("**Majeska**") is a Texas resident and the owner of GCA.

   2.5. GCA, Ibarra and Majeska are collectively referred to as "**Defendants**."

3. **Jurisdiction and Venue.**

   3.1. Venue of this action is proper in this district and division because the events giving rise to the cause of action alleged herein occurred in this division and judicial district. Venue exists in the judicial district pursuant to 28 U.S.C. § 1391.

   3.2. Defendants carry on substantial business in the Southern District of Texas and have sufficient minimum contacts with this state to be subject to this Court's jurisdiction.

3.3. This Court has jurisdiction over this case pursuant to the district court's federal question jurisdiction as set forth in 28 U.S.C. § 1331. Specifically, this case is brought pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*, as amended.

4. **Coverage.**

    4.1. At all material times, Defendants have acted, directly or indirectly, in the interest of an employer with respect to Plaintiff.

    4.2. At all times hereinafter mentioned, Defendants have been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

    4.3. At all times hereinafter mentioned, Defendants have been an enterprise with the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

    4.4. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaging in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce for any person in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

    4.5. GCA is an aquatics services company. Two or more of GCA's employees, including Plaintiff, engage in commerce by using equipment that has traveled in

interstate commerce. By way of example and not by limitation, Plaintiff and GCA's employees used/use:

4.5.1. Swimming pool equipment that has been manufactured and shipped across state lines;

4.5.2. computers and telecommunications equipment that has been manufactured and shipped across state lines;

4.5.3. office equipment, such as copiers, that has been manufactured and shipped across state lines;

4.5.4. the interstate telephone systems, landline and cellular, to communicate with Defendants' customers and suppliers;

4.5.5. The United States postal system to send mail across state lines; and

4.5.6. the interstate banking systems to accept payments form customers and to pay Defendants' employees.

4.6. Ibarra had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Ibarra had operational control of significant aspects of GCA's day-to-day functions and independently exercised control over the work situation. Ibarra had direct involvement in the day-to-day operation of GCA and had direct responsibility for the supervision of the employees. Ibarra set work schedules and made work assignments.

4.7. Ibarra: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

4.8. Ibarra acted, directly or indirectly, in the interests of an employer in relation to Plaintiff.

4.9. Majeska had authority to set corporate policy, participate in decisions regarding the payment of employees as well as participate in decisions regarding whether or not to pay Plaintiff overtime. In addition, Majeska had operational control of significant aspects of GCA's day-to-day functions and independently exercised control over the work situation.  Majeska had direct involvement in the day-to-day operation of GCA and had direct responsibility for the supervision of the employees. Majeska set work schedules and made work assignments.

4.10. Majeska: (1) possessed the power to hire and fire the employees and did so; (2) supervised and controlled employee work schedules or conditions of employment; (3) determined the rate and method of payment; and (4) maintained employment records.

4.11. Majeska acted, directly or indirectly, in the interests of an employer in relation to Plaintiff.

4.12. At all times hereinafter mentioned, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 207.

4.13. Plaintiff was employed by Defendants within the applicable statute of limitations.

5. **Factual Allegations.**

5.1. GCA is in the aquatics services business servicing Clear Lake, League City, Friendswood, Pearland, Pasadena, Dickinson, Kemah, Seabrook, Texas and surrounding areas.

5.2. Plaintiff worked for Defendants as a pool technician.

5.3. Plaintiff's job responsibilities consisted of non-exempt work.

5.4. Plaintiff was paid on an hourly basis at a straight time rate of $15.00 per hour. Plaintiff was not paid at an overtime rate for any of the hours.

5.5. Plaintiff regularly worked in excess of 40 hours a week. For example, during the pay-period March 25, 2019 through April 7, 2019 Plaintiff was paid for 101.5 hours at a straight time rate of $15.00 per hour. Plaintiff was not paid at an overtime rate for any of the hours he worked in excess of 40 in those workweeks.

5.6. Defendants did not pay Plaintiff time-and-one-half his regular rate of pay for the hours that Plaintiff worked over 40 hours a week.

5.7. Defendants knowingly, willfully, and/or with reckless disregard carried out its illegal pattern and/or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff.

5.8. Plaintiff discussed the lace of overtime pay with Defendants, yet Defendants refused to pay overtime.

6. **Cause of Action: Failure to Pay Wages in Accordance with the Fair Labor Standards Act.**

   6.1. Each and every allegation contained in the foregoing paragraphs 1-5, inclusive, is re-alleged as if fully rewritten herein.

   6.2. During the relevant period, Defendants have violated Section 7 of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed.

   6.3. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay the minimum wage and/or overtime compensation with respect to Plaintiff. Defendants were aware of the requirements of the FLSA but choose to ignore them to put profits before the law.

6.4. Defendants did not act in good faith and/or have reasonable grounds for a belief that their actions did not violate the FLSA nor did they act in reliance upon any of the following in formulating their pay practices: (a) case law; (b) the FLSA, 29 U.S.C. § 201, et seq.; (c) Department of Labor Wage & Hour Opinion Letters; or (d) the Code of Federal Regulations.

7. **Jury Demand.**

   7.1. Plaintiff demands a trial by jury herein.

8. **Relief Sought.**

   8.1. WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that he recover, jointly and severally, from Defendants, the following:

   8.1.1. Overtime compensation for all unpaid hours worked in excess of forty hours in any workweek at the rate of one-and-one-half times his regular rates;

   8.1.2. All unpaid wages and overtime compensation;

   8.1.3. An award of liquidated damages pursuant to 29 U.S.C § 216 as a result of the Defendants' failure to pay overtime compensation pursuant to the FLSA;

   8.1.4. Reasonable attorney's fees, expert fees, costs, and expenses of this action as provided by the FLSA;

   8.1.5. Pre-judgment and post-judgment interest at the highest rates allowed by law; and

   8.1.6. Such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

By:    */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**Attorney -in-Charge**

**The Law Office of Chris R. Miltenberger, PLLC**

1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

**Attorney for Plaintiff**